IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ELLIS FRANKLIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:10cv11-MEF |
| ) | |
| CHARLIE C. WILLIAMS, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER and RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Ellis Franklin, proceeding *pro se*, has filed a motion to proceed *in forma pauperis* in this action (Doc. # 2). It is

ORDERED that the motion is GRANTED. However, upon review of the complaint, the court concludes that dismissal of this action prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

In the style of his complaint, plaintiff lists Charlie C. Williams and Greyhound Bus Lines as defendants. He appears to bring a claim against them for injuries he incurred when the automobile he was driving was struck by a Greyhound Bus operated by defendant Williams. The accident occurred on October 4, 2004 (see Accident Report attached to Complaint). Plaintiff previously sued these defendants for injuries arising from the accident;

---

[1] The statute provides, in pertinent part: "[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal– (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

his claims were dismissed with prejudice on May 19, 2006 pursuant to a stipulation of dismissal signed by counsel for the parties. (See Franklin v. Williams, et al., Civil Action No. 2:05cv136-DRB, Docs. ## 66, 67).

Additionally, although plaintiff does not include him in the style of the complaint, plaintiff lists Robert C. Black, Jr. in paragraph 2, which is the section of the form complaint designated for the names and addresses of the defendant(s). Plaintiff lists Black's address as 425 S. Perry Street.[2] Black, an attorney, represented Williams and Greyhound in the previous action in this court. (See Civil Action No. 2:05cv136-DRB). Plaintiff's allegations against Black are as follows:

> Issues stated by Mr. Robert C. Black Jr. Credibility on the issues of marijuana "roach" found in his ashtray and some beer cans found in Mr Franklin car. And had worked long hour at work in the week before the accident. Due to the information given by Mr. Robert C Black, Jr., Mr. Charlie C William stated to the police officer Cpl. R.A. Bradley and Mr. Franklin that he was at fault
>
> Mr. Franklin accuse of DUI-Drug by the defendant of Greyhound. Crime. Violation Conspiracy and defamation of character. Discrimination Bace on race, Disability Act Title VII of the Civil Rights Act of 1964. amended.

(Complaint, p. 2). Despite plaintiff's listing of federal laws ("Discrimination Bace on race, Disability Act Title VII of the Civil Rights Act of 1964"), plaintiff's factual allegations against Black – which arise out of Black's representation of Greyhound and Williams in the previous action – do not support any claims under the federal discrimination laws he has

---

[2] Plaintiff lists only the street address, and does not include the city or state. For purposes of evaluating its own jurisdiction, the court takes judicial notice of the Montgomery, Alabama telephone book, which lists 425 South Perry Street as the address for Hill, Hill Carter Franco Cole and Black PC, defendant Black's law firm. See also Docket sheet for Civil Action No. 2:05cv136.

listed.  Accordingly, the court concludes that the allegations of the complaint do not support the exercise of federal question jurisdiction.  See Oneida Indian Nation v. County of Oneida, 414 U.S. 661, 666-67 (1974)(test of whether federal question jurisdiction exists is whether the right claimed is "so insubstantial, implausible, foreclosed by prior decisions of [the Supreme Court] or otherwise completely devoid of merit as not to involve a federal controversy within the jurisdiction of the District Court, whatever may be the ultimate resolution of the federal issues on the merits"); Cf. Riley v. Fairbanks Capital Corp., 222 Fed. Appx. 897 (11th Cir. 2007)(unpublished opinion)("Although Riley listed some federal statutes in the complaint's preamble and again asserted that the district court had federal question jurisdiction over her FDCPA, RESPA and TILA claims, her second amended complaint did not contain such claims or other claims 'arising under the Constitution, laws, or treaties of the United States.'").

   Construing plaintiff's complaint liberally, it appears that Franklin attempts to assert state law claims against Black for conspiring with Greyhound and/or Williams to defame plaintiff. However, plaintiff does not allege a basis for diversity jurisdiction. While plaintiff's previous action against Williams and Greyhound was supported by diversity of citizenship, plaintiff does not allege that Black is a citizen of any state other than Alabama, and the only address he lists for Black is an Alabama address.  Thus – even assuming that the requisite amount is in controversy – plaintiff's addition of Black as a defendant destroys complete diversity and precludes this court's assertion of diversity jurisdiction.  Accordingly, this

action is due to be dismissed for lack of subject matter jurisdiction.

Further, even if the court had a basis for exercising jurisdiction over this case, plaintiff's personal injury claims against Williams and Greyhound are barred by the doctrine of *res judicata,* and his remaining state law claims against all of the defendants are barred by the applicable statutes of limitation.[3]  *Res judicata* bars the filing of claims which were raised or could have been raised in an earlier proceeding.  Ragsdale v. Rubbermaid, Inc., 193 F.3d 1235, 1238 (11th Cir. 1999)(citation omitted). "A case is barred from re-litigation under the doctrine of *res judicata* if: '(1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases.'" Konikov v. Orange County, Florida, 276 Fed. Appx. 916, 918 (11th Cir. 2008)(unpublished opinion)(quoting Ragsdale, *supra*). "*Res judicata* acts as a bar 'not only to the precise legal theory presented in the previous litigation, but to all legal theories and claims arising out of the same operative nucleus of fact.'" Pleming v. Universal-Rundle Corp., 142 F.3d 1354 (11th Cir. 1998)(quoting Manning v. City of Auburn, 953 F.2d 1355, 1358 (11th Cir. 1992)).

The dismissal with prejudice of plaintiff's claims against Williams and Greyhound Bus Lines pursuant to the stipulation of the parties operates as an adjudication on the merits for purposes of claim preclusion.  See Hunt v. Hawthorne Associates, Inc., 119 F.3d 888,

---

[3] Additionally, to the extent that plaintiff's listing of federal laws could be construed as presenting federal claims, they are due to be dismissed for failure to state a claim upon which relief may be granted since plaintiff has failed to include factual allegations sufficient to support such claims.

4

911 (11th Cir. 1997)(voluntary dismissal of claims with prejudice pursuant to Fed. R. Civ. P. 41(a)(1) operates as an adjudication on the merits); Cf. Citibank, N.A. v. Data Lease Financial Corp., 904 F.2d 1498 (11th Cir. 1990)(finding no abuse of discretion in district court's determination that a stipulation of dismissal pursuant to Fed. R. Civ. P. 41(a)(1) entered into by plaintiff and defendant's agents operated as an adjudication on the merits precluding a new action against the defendant, stating, "[D]ata Lease, represented by counsel, entered into the stipulation dismissing its claims against the agent directors 'with prejudice.' Represented by new counsel, Data Lease cannot avoid the consequences of such a prior act."); Kaspar Wire Works, Inc. v. Leco Engingeering & Mach., Inc., 575 F.2d 530 (5th Cir. 1978)(stating, in *dicta*, that "[i]t is clear that a stipulation of dismissal with prejudice, or, for that matter, a dismissal with prejudice at any stage of a judicial proceeding, normally constitutes a final judgment on the merits which bars a later suit on the same cause of action."). The personal injury claims plaintiff asserts in this action were adjudicated previously on the merits by a court of competent jurisdiction in a case brought by the plaintiff against Williams and Greyhound Bus Lines. Plaintiff did not seek to appeal the judgment and did not otherwise seek relief from that judgment. Plaintiff may not now file a new action against the same defendants asserting claims arising from the automobile accident.

Additionally, plaintiff alleges that this action arose in May or June of 2006. (Complaint, ¶ 4). As noted previously, the accident giving rise to plaintiff's personal injury claims occurred in October 2004. (See Accident Report attached to Complaint). Plaintiff's

personal injury claims against Williams and Greyhound and his defamation/conspiracy to defame claims against Black, Williams and Greyhound are barred by the two-year statutes of limitation set forth in Ala. Code § 6-2-38(k)[4], (l)[5], and (n)[6]. Accordingly, even if this court had jurisdiction to entertain plaintiff's claims, they would be subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B).

## CONCLUSION

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that this action be DISMISSED for lack of subject matter jurisdiction.

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve a copy on the parties to this action. The parties are DIRECTED to file any objections to this Recommendation on or before January 22, 2010. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District

---

[4] "All actions of libel or slander must be brought within two years." Ala. Code, § 6-2-38(k).

[5] "All actions for any injury to the person or rights of another not arising from contract and not specifically enumerated in this section must be brought within two years." Ala. Code, § 6-2-38(l).

[6] All actions commenced to recover damages for injury to the person or property of another wherein a principal or master is sought to be held liable for the act or conduct of his agent, servant or employee under the doctrine of respondeat superior must be brought within two years." Ala. Code, § 6-2-38(n).

Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  Resolution Trust Co. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993); Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 8th day of January, 2010.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE